# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:18-cv-00664-FDW

| | |
|---|---|
| TRAVON LEVI WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DEPARTMENT OF PUBLIC ) | |
| SAFETY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2); 1915A. The Plaintiff is proceeding in forma pauperis. [Doc. 2, 7].

## I. BACKGROUND

Pro se Plaintiff Travon Levi Woods ("Plaintiff"), who is a North Carolina state court inmate currently incarcerated at Scotland Correctional Institution (SCI) in Laurinburg, North Carolina, filed this action on December 13, 2018, pursuant to 42 U.S.C. § 1983. Plaintiff makes two claims. One is in the nature of an excessive force claim in violation of his constitutional right not to be subjected to cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution. Plaintiff also claims Defendants violated his Fifth Amendment due process rights in relation to Plaintiff's attempt to use the grievance procedure related to and after his alleged attack. [Doc. 1 at 3]. In his Complaint, Plaintiff names as Defendants (1) the Department of Public Safety; (2) Ronald Covington, identified as a Captain at SCI; FNU Barnes, identified as a Unit Manager at SCI; and FNU Hunt, identified as a Correctional Officer at SCI. [Id. at 1-2].

Plaintiff alleges specifically as follows:

> I, inmate/prisoner Travon Woods opus #1280490 was led to receiving and assaulted while restrained by officials led by Cpt. Covington, even though I was completely cooperative to their demands.
>
> Cpt. Covington repeatedly threatened me, and gave orders to the co-defendants. Barnes physically assaulted me with the nightstick and hands while [I was] restrained. A. Hunt maced me and neglected to stop the assault.
>
> The defendants have officials falsifying technicalities to turn down (make null and void) my grievances that I've filed. Many attempts have been made with my adjustments to fit requirements with no avail.

[Id. at 2-3].

As injuries from the alleged assault, Plaintiff states he suffered bruises and abrasions. [Id. at 3]. As relief, Plaintiff seeks various injunctive relief and compensatory and punitive damages for his physical pain, humiliation, and "mental traumatic damages." [Id. at 5].

## II.   STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear

failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

As to Defendant Department of Public Safety, which the Court assumes references the North Carolina Department of Public Safety, neither the State of North Carolina nor its agencies constitute "persons" subject to suit under Section 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). Furthermore, the Eleventh Amendment bars Plaintiff's suit for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).

Plaintiff claims Defendants used excessive force against him in violation of the Eighth Amendment to the U.S. Constitution. The Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Albers, 475 U.S. at 320-21. Furthermore, the Supreme Court has recently reiterated that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010). In Wilkins v. Gaddy, the Supreme Court observed:

3

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." The extent of injury may also provide some indication of the amount of force applied. As we stated in Hudson, not "every malevolent touch by a prison guard gives rise to a federal cause of action." "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim.
>
> Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.

Id. at 37-38 (citations omitted).

Taking Plaintiff's allegations as true and drawing all reasonable inferences therefrom, the Court finds that the Plaintiff has stated a claim against Defendants Covington, Barnes, and Hunt for the use of excessive form in violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

Next, as for Plaintiff's Fifth Amendment due process claim related to the grievance procedure, to establish a claim under the Fifth Amendment Due Process Clause, a litigant must show that the government deprived him of a liberty or property interest without providing notice and a meaningful opportunity to be heard. See Mathews v. Eldridge, 424 U.S. 319, 348 (1976). Here, the Plaintiff has failed to allege a deprivation of a constitutionally protected liberty interest. Further, even if Plaintiff had alleged the deprivation of a constitutionally protected liberty interest, the Plaintiff's allegation on this issue is vague and does not state how each Defendant personally participated in the conduct described. As such, this claim will be dismissed.

IV. **CONCLUSION**

In sum, the Complaint survives initial review as against Defendants Covington, Barnes, and Hunt under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A as to Plaintiff's Eighth Amendment

4

claim but not as to Plaintiff's Fifth Amendment claim. The Plaintiff's claims against the Department of Public Safety will also be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint [Doc. 1] survives initial review under § 1915(e) and 28 U.S.C. § 1915A as to Plaintiff's Eighth Amendment claim but not as to Plaintiff's Fifth Amendment claim. The Plaintiff's claims against the Department of Public Safety shall be dismissed.

2. This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendants Ronald Covington, FNU Barnes, and FNU Hunt, who are current or former employees of NCDPS.

**IT IS SO ORDERED**.

Signed: June 17, 2019

Frank D. Whitney
Chief United States District Judge