UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00664-MR

| | |
|---|---|
| TRAVON LEVI WOODS, )<br> )<br> Plaintiff, )<br> )<br>vs. )<br> )<br>RONALD COVINGTON, et al., )<br> )<br> Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on Plaintiff's "Opposition to Defendants [*sic*] Objections for Plaintiff's Discovery Requests" [Doc. 43] and the Exhibits submitted therewith [Docs. 43-1, 43-2].

On December 13, 2018, Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983, survived initial review in accordance with the Court's Order. [Doc. 8]. The Court appointed the North Carolina Prisoner Legal Services (NCPLS) as counsel to assist in conducting discovery in this matter. [Doc. 23]. On July 9, 2020, NCPLS counsel filed a notice advising the Court that he had assisted Plaintiff with conducting discovery and moved to withdraw as counsel, which the Court allowed. [Docs. 39-41]. The current discovery deadline in this matter is September 29, 2020.[1] [July 28, 2020 Text Order].

---

[1] The Court stayed the dispositive motions deadline due to the parties' agreement to a

On August 13, 2020, Plaintiff filed an "Opposition to Defendants [*sic*] Objections for Plaintiff's Discovery Requests" [Doc. 43], which the Court construes as a motion to compel. In the motion, Plaintiff appears to take issue with certain discovery responses propounded by Defendants. [See id. at 1-2]. Plaintiff also submitted a Declaration and a letter to the undersigned as Exhibits to this motion. [Docs. 43-1, 43-2]. In response to Plaintiff's motion, Defendants filed a response, advising the Court that they intend to construe Plaintiff's motion as a request for supplementation and asked the Court to "hold any ruling on the Opposition in abeyance and allow the Defendants until at least September 29, 2020 to attempt to supplement their discovery responses." [Doc. 45 at 1-2].

First, Plaintiff is advised that the Declaration has no practical or legal consequence in the context in which he has submitted it. Premature, misdirected, or otherwise improper filings will not be permitted. See generally Dietz v. Bouldin, 136 S. Ct. 1885, 1892 (2016) ("[D]istrict Courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). The Court will, therefore, strike it from the record in this matter. Second, the letter to the undersigned is wholly inappropriate and will not be considered. Filings with

judicial settlement conference in this matter. [Doc. 33].

the Court should contain the case caption, should be filed with the Clerk in the docket of the case, and should never be directed to the Judge assigned to a case. Further, any relief sought from the Court must be fashioned in the form of a motion. The Court will, therefore, also strike this letter from the record in this matter.

Finally, as to Plaintiff's motion to compel, Defendants have indicated their intention to supplement their discovery responses and have requested until September 29, 2020 to do so. The Court will, therefore, deny Plaintiff's motion to compel without prejudice.[2]

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 43] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Docket Nos. 43-1 and 43-2 are hereby **STRICKEN** from the record in this matter.

**IT IS SO ORDERED.**

Signed: September 9, 2020

Martin Reidinger
Chief United States District Judge

---

[2] The Court also notes that should Plaintiff need to refile his motion to compel, he must include a copy of the discovery responses he complains are insufficient. Piecemeal recitation of the disputed responses is insufficient to allow meaningful review by the Court.

3