UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00664-MR

| TRAVON LEVI WOODS, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
|  | ) ORDER |
| RONALD COVINGTON, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court sua sponte on its review of the docket in this matter.

Pro se Plaintiff Travon Levi Woods ("Plaintiff") is a North Carolina prisoner currently incarcerated at Bertie Correctional Institution in Windsor, North Carolina. Plaintiff filed this action in this Court on December 13, 2018, pursuant to 42 U.S.C. § 1983, against Defendants Ronald Covington, FNU Barnes, and A. Hunt. [Doc. 1]. Plaintiff's Complaint survived initial review on June 17, 2019 in accordance with the Court's Order. [Doc. 8]. Requests for waivers of service were sent to the North Carolina Department of Public Safety (NCDPS) for Defendants Covington, Barnes, and Hunt. [Doc. 9]. These Defendants waived service. [Doc. 12]. Thereafter, the Court granted Plaintiff's motion to amend his Complaint to add Defendant FNU McMillan

as a Defendant in this matter. [Docs. 17, 20]. A request for waiver of service was sent to the NCDPS for Defendant McMillan. [Doc. 21]. Defendant McMillan, however, remains unserved.

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. Under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own motion after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). This Rule makes clear that the Court must extend the service period if the plaintiff can show "good cause" for the failure to serve. Brooks v. Johnson, 924 F.3d 104, 120 (4th Cir. 2019). "What constitutes 'good cause' for purposes of Rule 4(m) 'necessarily is determined on a case-by-case basis within the discretion of the district court." Collins v. Thornton, --- F. App'x ---, 2019 WL 3801449, at *1 (4th Cir. Aug. 13, 2019) (citations omitted). The service period in Rule 4(m) is tolled while the district court considers an *in forma pauperis* complaint. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). While initial review in this case occurred on June 17, 2019 [Doc. 8], Plaintiff's Complaint was not amended to add Defendant

2

McMillian until November 20, 2019 [Doc. 20].  Plaintiff, therefore, had until February 18, 2020, at the latest, to serve Defendant McMillan.  On September 8, 2020, the Court notified Plaintiff that it would dismiss Defendant McMillan without prejudice unless Plaintiff showed good cause for the failure to timely serve this Defendant.  [Doc. 46].  Plaintiff has not responded to the Court's Show Cause Order.

As such, the Plaintiff has not timely shown good cause for his failure to timely serve Defendant McMillan.  Further, the Court declines to exercise its discretion to extend the time for service, particularly given the late stage of these proceedings.  The Court will, therefore, dismiss Defendant McMillan.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant McMillan is hereby **DISMISSED** as a Defendant in this case without prejudice.

Signed: January 6, 2021

Martin Reidinger
Chief United States District Judge