UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00664-MR

| | |
|---|---|
| TRAVON LEVI WOODS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RONALD COVINGTON, et al., )<br>)<br>Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on Plaintiff's Motions for an Order Compelling Discovery [Docs. 51-54]; Defendants' Motion for Protective Order [Doc. 55]; Plaintiff's Motion to Extend the Deadline for Completion of Discovery [Doc. 60]; and Defendants' Motion to Extend the Deadline to File Their Dispositive Motion [Doc. 61].

On December 13, 2018, Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983, survived initial review in accordance with the Court's Order. [Doc. 8]. On February 3, 2020, the Court entered its Pretrial Order and Case Management Plan (PTOCMP), setting among other things the discovery limits in this case. [Doc. 23]. The PTOCMP provides that "[e]ach party may propound no more than **20** interrogatories, including subparts; no more than **20** requests for admissions, and take no more than **6** depositions." [Id. at 2].

The Court appointed the North Carolina Prisoner Legal Services (NCPLS) as counsel to assist in conducting discovery in this matter. [Doc. 23]. On July 9, 2020, NCPLS counsel filed a notice advising the Court that he had assisted Plaintiff with conducting discovery and moved to withdraw as counsel, which the Court allowed. [Docs. 39-41]. The Court extended the discovery deadline to September 29, 2020 and then to November 30, 2020 on Plaintiff's pro se motions.[1] [Docs. 42, 50; July 28, 2020 & October 6, 2020 Text Orders].

On August 13, 2020, Plaintiff filed an "Opposition to Defendants [*sic*] Objections for Plaintiff's Discovery Requests" [Doc. 43], which the Court construed as a motion to compel. In the motion, Plaintiff took issue with certain discovery responses propounded by Defendants. [See id. at 1-2]. Defendants responded, advising the Court that they intended to construe Plaintiff's motion as a request for supplementation and asked the Court to "hold any ruling on the Opposition in abeyance and allow the Defendants until at least September 29, 2020 to attempt to supplement their discovery responses." [Doc. 45 at 1-2]. The Court, therefore, denied Plaintiff's motion to compel without prejudice to allow Defendants to supplement their

---

[1] The Court stayed the dispositive motions deadline due to the parties' agreement to a judicial settlement conference in this matter. [Doc. 33].

2

Case 3:18-cv-00664-MR   Document 63   Filed 01/07/21   Page 2 of 6

responses. [Doc. 47]. In this Order, the Court also advised Plaintiff that "should Plaintiff need to refile his motion to compel, he must include a copy of the discovery responses he complains are insufficient" because "piecemeal recitation of the disputed responses is insufficient to allow meaningful review by the Court." [Id. at 3 n.2].

Plaintiff has now filed four motions to compel discovery responses from Defendants, none of which included the disputed discovery requests as previously directed by the Court.[2] [See Docs. 51-54]. In these motions, Plaintiff purports to seek more complete responses to certain discovery requests [Doc. 52, 53] and responses to other discovery requests Plaintiff allegedly propounded on Defendants [Docs. 51, 54].

Even if the Court were to consider Plaintiff's motions to fully answer the requests that are the subject of Docket Nos. 52 and 53, despite his failure to include a copy of the disputed requests with his motions, Defendants' response to these motions demonstrates that no further supplementation is necessary. Defendants' original discovery response and supplemental response fully answer the disputed discovery requests. [See Docs. 59-1, 59-2, 59-3]. As such, the Court will deny Docket Nos. 52 and 53.

---

[2] Plaintiff later filed the disputed discovery requests that should have been filed with Docket Nos. 51 and 54, [see Docs. 57, 58], and asks the Court's leniency in excusing his previous failure to include them [Doc. 58 at 1].

3

As for Plaintiff's motions at Docket Nos. 51 and 54, Plaintiff exceeded the limits on discovery requests set by the Court in its PTOCMP with his first discovery requests. [See Doc. 59-1 at 3-20; Doc. 23 at 2]. Furthermore, Defendants' counsel states that he has no record of ever having received these requests and the discovery period is now closed. [Doc. 59 at 2-4, 6]. The Court will, therefore, deny these motions to compel with prejudice.

Defendants move for an order protecting them from responding to Plaintiff's Second Set of Requests for Admissions, which Defendants state Plaintiff served on October 26, 2020. [Doc. 55; Doc. 56 at 2]. As grounds for the protective order, Defendants argue Plaintiff's discovery request is untimely, burdensome, and improper. [Id., Doc. 56 at 3-4]. Although Plaintiff's discovery request is timely under the extended discovery deadline, Plaintiff's request again exceeds the maximum discovery allowed under the PTOCMP and Plaintiff has not moved to amend the PTOCMP to allow additional discovery requests. The Court will, therefore, grant Defendants' motion for protective order.

Also before the Court is Plaintiff's motion to extend the discovery deadline. [Doc. 60]. Plaintiff has had ample time to conduct discovery in this matter, both when represented and proceeding pro se. The Court has previously granted two motions by Plaintiff extending the deadline.

Furthermore, the grounds stated by Plaintiff for an extension are addressed above with respect to Plaintiff's motions to compel. The Court will, therefore, deny this motion.

Defendants also move for an extension to file their motion for summary judgment. [Doc. 61]. The Court will deny this motion as moot because the dispositive motions deadline in this case has been stayed since April 6, 2020 for the reasons stated in that Order. [Doc. 33]. Because discovery is now concluded, the Court will set the dispositive motions deadline for 21 days from this Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motions [Docs. 51-54] are **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Protective Order [Doc. 55] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend the Deadline for Completion of Discovery [Doc. 60] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Extend the Deadline to File Their Dispositive Motions [Doc. 61] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the parties shall have until 21 days from this Order to file dispositive motions in this matter.

**IT IS SO ORDERED.**

Signed: January 6, 2021

Martin Reidinger
Chief United States District Judge