UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00664-KDB

| | |
|---|---|
| TRAVON LEVI WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| RONALD COVINGTON, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on its own motion on Plaintiff's failure to respond to the Court's Order for Plaintiff to notify the Court of his new address. [Doc. 82].

Pro se Plaintiff Travon Levi Woods ("Plaintiff") filed this action on December 13, 2018, pursuant to 42 U.S.C. § 1983. [Doc. 1]. Plaintiff's Eighth Amendment claim against Defendants Covington, Barnes, and Hunt survived initial review and Plaintiff's remaining claims were dismissed. [Doc. 8]. On June 21, 2021, the Court denied Defendants' summary judgment motion as to Plaintiff's individual capacity claims against Defendants and dismissed Plaintiff's official capacity claims. [Doc. 73]. An unsuccessful judicial settlement conference was held [see 9/30/2021 Docket Entry] and this matter is now ready to proceed to trial. The docket in this matter reflects Plaintiff's current address as Bertie Correctional Institution, P.O. Box 129, Windsor, North Carolina 27983. The Court, therefore, entered a Writ of Habeas Corpus Ad Testificandum requiring officials at Bertie to ensure Plaintiff's presence at trial beginning on June 27, 2022. [Doc. 81]. A copy of this Writ was mailed to Plaintiff at Bertie and it has not been returned as undeliverable. [See 4/5/2022 Docket Entry]. The Clerk also transmitted this Writ to the NCDPS WRIT Coordinator, Joyce Meadows. [See id. at 2]. In response, the Clerk was advised that

Plaintiff was released from custody on March 9, 2022. [See 4/6/2022 Docket Entry]. Plaintiff, however, has failed to notify the Court of his new address.

Plaintiffs have a general duty to prosecute their cases. In this regard, a pro se plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Where a pro se plaintiff has failed to notify the Court of his change of address, the action is subject to dismissal without prejudice for failure to prosecute. Accord Walker v. Moak, Civil Action No. 07-7738, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail).

As such, on April 6, 2022, the Court ordered that Plaintiff had fourteen (14) days to notify the Court of his new address and advised Plaintiff that his "failure to timely notify the Court will result [in] dismissal of this action without prejudice and without further notice to Plaintiff." [Doc. 82 at 2]. This Order was mailed to Plaintiff the same day and it has not been returned as undeliverable. [See 4/6/2022 Docket Entry]. The deadline to notify the Court has expired and Plaintiff has not notified the Court of his new address. The Court will, therefore, dismiss this action without prejudice for Plaintiff's failure to prosecute.

## ORDER

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to prosecute.

**IT IS FURTHER ORDERED** that the Writ of Habeas Corpus Ad Testificandum [Doc. 81] is hereby **VACATED**.

2

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: April 28, 2022

Kenneth D. Bell
United States District Judge